Official Form 424 (12/15)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN P. FITZGERALD, III, Acting United States Trustee, the United States Trustee Program, and Ramona D. Elliott, Acting Director,<br><br>　　　　Appellants,<br><br>v.<br><br>ALFRED H. SIEGEL, Trustee of the Circuit City Stores, Inc. Liquidating Trust,<br><br>　　　　Appellee. | §<br>§<br>§<br>§<br>§<br>§　No. 3:23-cv-00001-MHL<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

## Certification to Court of Appeals by All Parties

A notice of appeal having been filed in the above-styled matter on December 26, 2022, John P. Fitzgerald, III, Acting United States Trustee ("United States Trustee"), and Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Liquidating Trustee") hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below.

Leave to appeal in this matter:

**X**　is required under 28 U.S.C. § 158(a)[1]

❑　is not required under 28 U.S.C. § 158(a).

---

[1] As described in more detail below, the order on appeal was entered in two adversary proceedings that were later consolidated. This appeal is arguably from a final order since the bankruptcy court's decision definitively and finally declares the parties' legal rights and establishes the Liquidating Trustee's entitlement to a refund. But because the bankruptcy court has yet to enter a final judgment establishing the amount of that refund, the parties suggest that leave is required out of an abundance of caution (in case the forthcoming final judgment is necessary to render all aspects of the instant proceeding truly final). To avoid any potential jurisdictional concerns, the parties anticipate filing an amended notice of appeal (and amended joint certification) once a final judgment is entered.

This certification arises in an appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia entered on December 15, 2022.

The order involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States, or involves a matter of public importance.

*[The parties may include or attach the information specified in Rule 8006.]*

This appeal arises out of the chapter 11 bankruptcy cases filed in November 2008 by Circuit City Stores, Inc. and certain of its subsidiaries and affiliates (collectively, "Circuit City"). Under sections 589a and 1930(a)(6) of title 28, for every quarter that a chapter 11 case is open, statutory fees must be deposited into the United States Trustee System Fund within the United States Treasury.  28 U.S.C. §§ 1930(a)(6), 589a.  These quarterly fees are calculated on a sliding scale based on the amount of disbursements during the calendar quarter.  28 U.S.C. § 1930(a)(6). In 2017, Congress amended the statute to temporarily increase the quarterly fee payable in the largest chapter 11 cases for quarters beginning on or after January 1, 2018.  This amendment was codified in 28 U.S.C. § 1930(a)(6)(B).

As part of the plan of reorganization, the bankruptcy court approved the formation of the Circuit City Stores, Inc. Liquidating Trust (the "Trust") and required that the Liquidating Trustee remit quarterly fees to the Office of the United States Trustee.  On March 28, 2019, the Liquidating Trustee filed a motion asking the bankruptcy court to hold that (1) the 2017 amendment does not apply to this case because such application would be unconstitutionally retroactive, and (2) the 2017 amendment is unconstitutional as applied to this case because it violates the uniformity provision of the Bankruptcy Clause of the Constitution, U.S. Const. Art. I, § 8, cl. 4, because bankruptcy administrator districts (six districts in Alabama and North

Carolina that do not participate in the United States Trustee Program and instead are administered by judicial branch employees) collected the increased fees only for cases filed on or after October 1, 2018.

The bankruptcy court ruled that the 2017 amendment applied to this case but was unconstitutionally non-uniform and converted Plaintiff's motion to an adversary proceeding, docketed under adversary case number 19-03060. *In re Circuit City Stores, Inc.*, 606 B.R. 260 (Bankr. E.D. Va. 2019). Both parties appealed. Under 28 U.S.C. § 158(d), a direct appeal to the Fourth Circuit was certified.

After the Fourth Circuit upheld the 2017 amendment, on June 6, 2022, the Supreme Court held that the 2017 amendment "violated the uniformity requirement" of the Bankruptcy Clause. *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1782-83 (2022). But it remanded to the Fourth Circuit to determine the appropriate remedy for that lack of uniformity. The Fourth Circuit then remanded that question to the bankruptcy court.

While the appeal of the bankruptcy court's 2019 decision was pending, the Liquidating Trustee filed a separate adversary complaint against John P. Fitzgerald, III, Acting United States Trustee for Region Four, the United States Trustee Program, and Ramona D. Elliott, Acting Director[2] (collectively "Defendants"), Adv. No. 19-03091, seeking declaratory relief and the return of the amount representing the difference between the quarterly fees paid by the Trust and the amount that the Trust would have paid in a bankruptcy administrator district. The

---

[2] Ramona D. Elliott, Acting Director, is substituted for defendant Clifford J. White, III, Director, pursuant to Federal Rule of Bankruptcy Procedure 7025, which incorporates Federal Rule of Civil Procedure 25(d), which provides for automatic substitution when a governmental official ceases to hold office. After the Complaint was filed, Mr. White retired and Ms. Elliott became Acting Director.

bankruptcy court consolidated the two adversary proceedings under adversary case number 19-03091.

On December 15, 2022, the bankruptcy court issued a Memorandum Opinion and an Order in the consolidated proceeding ruling that the Trustee can recover "the amount of the portion of the quarterly U.S. Trustee fees paid that exceeded the amount the [Trustee] would have had to pay in a bankruptcy administrator district, inclusive of the first three quarters of calendar year 2018." Defendants filed a notice of appeal on December 26, 2022.

Neither the Fourth Circuit nor the Supreme Court has addressed what the appropriate remedy is for the unconstitutional lack of uniformity found by the Supreme Court in *Siegel*. The Supreme Court in *Siegel* expressly declined to address that question, remanding it the Fourth Circuit. The Fourth Circuit likewise declined to address that question and remanded it to the bankruptcy court. The question presents a "matter of public importance" because it could significantly impact the public.

Accordingly, the Defendants and the Liquidating Trustee (all appellants and appellees) jointly certify that the bankruptcy court's order "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" and it "involves a matter of public importance." 28 U.S.C. § 158(d)(2).

Respectfully submitted,

| By: /s/  Kathryn R. Montgomery<br>Kathryn R. Montgomery (Va. Bar No. 17483) | By: /s/ Lynn L. Tavenner, by permission of email dated 2/13/2023<br><br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>TAVENNER & BERAN, PLC |
|---|---|

| | |
|---|---|
| JOHN P. FITZGERALD, III<br>Acting United States Trustee, Region 4<br>KATHRYN R. MONTGOMERY<br>(Va. Bar No. 42380)<br>Department of Justice<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia 23219<br>(804) 771-2310<br>Fax: (804) 771-2330<br><br>RAMONA D. ELLIOTT<br>Deputy Director/General Counsel<br>P. MATTHEW SUTKO<br>Associate General Counsel<br>BETH A. LEVENE<br>Trial Attorney<br><br>Department of Justice<br>Executive Office for U.S. Trustees<br>441 G Street, N.W., Suite 6150<br>Washington, DC  20530<br>(202) 307-1399<br>(202) 307-2397 Fax<br><br>*Counsel to Defendants*<br><br>February 13, 2023 | 20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: 804-783-8300<br><br>Robert J. Feinstein, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7710<br><br>Richard M. Pachulski<br>Andrew W. Caine (admitted *pro hac vice*)<br>Jeffrey N. Pomerantz, Esq<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067-4100<br>Telephone: 310-277-6910<br><br>*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*<br><br>February 13, 2023 |