IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN P. FITZGERALD, III, Acting United States Trustee, et al.<br><br>    Appellants,<br><br>v.<br><br>ALFRED H. SIEGEL, Trustee of the Circuit City Stores, Inc. Liquidating Trust,<br><br>    Appellee. | No. 3:23-cv-00001-MHL |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

### JOINT MOTION TO STAY PROCEEDINGS

TO THE HONORABLE M. HANNAH LAUCK, UNITED STATES DISTRICT JUDGE:

Appellants John P. Fitzgerald, III, the Acting United States Trustee for Region 4 (the "United States Trustee"), the United States Trustee Program, and Ramona D. Elliott, Acting Director, and Appellee, Alfred H. Siegel, the Liquidating Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Liquidating Trustee"), respectfully ask this Court to stay proceedings in this appeal—which they have jointly certified for direct appeal to the Fourth Circuit—pending a

decision by the Fourth Circuit either on the merits or refusing to accept a direct appeal.

1. This appeal arises out of the chapter 11 bankruptcy cases filed by Circuit City Stores, Inc. and certain of its subsidiaries and affiliates (collectively, "Circuit City").

2. Under sections 589a and 1930(a)(6) of title 28, for every quarter that a chapter 11 case is open, statutory fees must be deposited into the United States Trustee System Fund ("Fund") within the United States Treasury. 28 U.S.C. §§ 1930(a)(6), 589a. These quarterly fees are calculated on a sliding scale based on the amount of "disbursements" made during the calendar quarter. 28 U.S.C. § 1930(a)(6).

3. As part of Circuit City's plan of reorganization, the bankruptcy court approved the formation of the Circuit City Stores, Inc. Liquidating Trust and required that the Liquidating Trustee remit quarterly fees to the Office of the United States Trustee.

4. In 2017, Congress amended the statute to temporarily increase the quarterly fee payable in the largest chapter 11 cases. The Liquidating Trustee challenged this fee increase, arguing that (a) the 2017 amendment is unconstitutional as applied to this case because it violates the Uniformity Clause of the Constitution, U.S. Const. art. I § 8, cl. 1, as well as the uniformity provision of

the Bankruptcy Clause of the Constitution, U.S. Const. Art. I, § 8, cl. 4, and (b) the 2017 amendment does not apply to this case because such application would be unconstitutionally retroactive.

5.　　The bankruptcy court ruled that the 2017 amendment applied to this case but was unconstitutionally non-uniform and converted Liquidating Trustee's motion to an adversary proceeding.  *In re Circuit City Stores, Inc.*, 606 B.R. 260 (Bankr. E.D. Va. 2019).  Both parties appealed.  Under 28 U.S.C. § 158(d), a direct appeal to the Fourth Circuit was certified.

6.　　After the Fourth Circuit upheld the 2017 amendment, on June 6, 2022, the Supreme Court held that the 2017 amendment "violated the uniformity requirement" of the Bankruptcy Clause.  *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1782-83 (2022).  But it remanded to the Fourth Circuit to determine the appropriate remedy for that lack of uniformity.  The Fourth Circuit then remanded that question to the bankruptcy court.

7.　　While the appeal of the bankruptcy court's 2019 decision was pending, the Liquidating Trustee filed a separate adversary complaint against John P. Fitzgerald, III, Acting United States Trustee for Region Four, the United States Trustee Program, and Ramona D. Elliott, Acting Director,[1] Adv. No. 19-03091,

---

[1] Ramona D. Elliott, Acting Director, is substituted for defendant Clifford J. White, III, Director, pursuant to Federal Rule of Bankruptcy Procedure 7025, which incorporates Federal Rule of

3

seeking declaratory relief and the return of the amount representing the difference between the quarterly fees paid by the Trust and the amount that the Trust would have paid in a bankruptcy administrator district.  The bankruptcy court consolidated the two adversary proceedings under adversary case number 19-03091.

8. On December 15, 2022, the bankruptcy court issued a Memorandum Opinion and an Order in the consolidated proceedings ruling that the Trustee is entitled to recover "the amount of the portion of the quarterly U.S. Trustee fees paid that exceeded the amount the [Trustee] would have had to pay in a bankruptcy administrator district, inclusive of the first three quarters of calendar year 2018."

9. Appellants filed a notice of appeal on December 26, 2022.

10. On February 13, 2023, Appellants and Appellee filed a Certification to Court of Appeals by All Parties under 28 U.S.C. § 158(d)(2)(A), which governs appeals from a bankruptcy court order directly to the court of appeals.

11. On February 17, 2023, the bankruptcy court entered a judgment in the amount of $756,844.66.  Appellants filed an amended notice of appeal on the same day to reflect the entry of judgment.

---

Civil Procedure 25(d), which provides for automatic substitution when a governmental official ceases to hold office.  After the Complaint was filed, Mr. White retired and Ms. Elliott became Acting Director.

12. On February 17, 2023, the parties filed an Amended Certification to Court of Appeals by All Parties to reflect the bankruptcy court's entry of judgment and the amended notice of appeal.

13. A petition for permission to appeal must be filed with the Fourth Circuit within thirty days after the date the certification for direct appeal becomes effective. *See* Fed. R. App. P. 5(a)(2), 6(c); Fed. R. Bankr. P. 8006(g).

14. Although the parties have jointly certified this appeal for direct appeal, the proceedings in this Court are not automatically stayed. *See* 28 U.S.C. § 158(d)(2)(D).

15. Thus, absent a stay, two identical appeals will be proceeding simultaneously in both this Court and in the Fourth Circuit.

16. Because this Court's docket reflects that the record was transmitted on February 8, 2023, Appellants' brief is currently due on March 10, 2023. *See* Fed. R. Bankr. P. 8018(a)(1).

17. A stay is warranted because it would be a waste of this Court's and the parties' time and resources to have the same appeal briefed and argued in both this Court and the Fourth Circuit at the same time.

## CONCLUSION/ RELIEF REQUESTED

For these reasons, Appellants and Appellee ask this Court to stay this appeal pending a decision by the Fourth Circuit to either refuse or accept a direct appeal and, if it accepts a direct appeal, until it renders a decision on the merits.

Dated: February 23, 2023

**ACTING UNITED STATES TRUSTEE**

/s/ *Kathryn R. Montgomery*
JOHN P. FITZGERALD, III
Acting United States Trustee,
Region 4
Kathryn R. Montgomery
(Va. Bar No. 42380)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
Trial Attorney

Respectfully submitted,

**ALFRED H. SIEGEL, SOLELY AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**

/s/ *Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

-and-

Richard M. Pachulski
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:   rpachulski@pszjlaw.com
          acaine@pszjlaw.com

*Counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

6

Department of Justice
Executive Office for U.S. Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530
(202) 307-1399
(202) 307-2397 Fax

*Appellants' Counsel*

7

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type volume limitation of Fed. R. Bankr. P. 8013(f).  This Motion is less than 20 pages, and contains 977 words excluding those sections that are not counted under Fed. R. Bankr. P. 8015(g).

/s/ **_Kathryn R. Montgomery_**
Kathryn R. Montgomery